UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANN ROJEK,

        Plaintiff,

                                        Case No. 08-14492
v.                                        Hon. Gerald E. Rosen

CATHOLIC CHARITIES, INC.

        Defendant.
_____/


**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (5)**

                     At a session of said Court, held in
                     the U.S. Courthouse, Detroit, Michigan
                     on          November 16, 2009

                     PRESENT:  Honorable Gerald E. Rosen
                                           Chief Judge, United States District Court


## I. INTRODUCTION

      Plaintiff Mary Ann Rojek commenced this action on October 22, 2008, asserting employment discrimination claims against Defendant Catholic Charities of Jackson, Inc., a social services agency.  This Court's subject matter jurisdiction rests upon Plaintiff's pursuit of federal law claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, against the Defendant agency.  See 28 U.S.C. § 1331.

      By motion filed on August 17, 2009, Defendant now seeks dismissal of this action

under Fed. R. Civ. P. 12(b)(1) and (5) for insufficiency of service of process. Defendant argues that the process server employed by Plaintiff failed to properly serve a summons and a copy of the complaint upon an authorized agent of Catholic Charities of Jackson, when he arrived at the agency's offices on February 19, 2009 (just before the summons was to expire). The process server left the summons and complaint with a person who was neither an officer, manager nor authorized agent of the agency. In a response filed September 8, 2009, Plaintiff argues that service of process was proper because the summons and complaint were ultimately received by Defendant's attorneys within several days of the process server's visit to the agency. Plaintiff argues in the alternative that Defendant waived any ineffective service defense by attending the scheduling conference and agreeing to accept service of an amended complaint.

Having reviewed and considered Defendant's motion, the parties' briefs, and the entire record on this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling. For the reasons set forth below, the Court finds that Defendant's motion should be denied.

## II. BACKGROUND

Plaintiff filed this action on October 22, 2008 against "Catholic Charities, Inc.," alleging intentional violations of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973. The lawsuit stems from Plaintiff's attempt to secure employment at Catholic Charities of Jackson, a social services agency located in Jackson,

Michigan.[1]  Plaintiff was issued a summons for "Catholic Charities, Inc.," the same day she filed her complaint.  Under the pertinent federal rule, such a summons and a copy of the complaint must generally be served upon a defendant "within 120 days after the filing of the complaint."  Fed. R. Civ. P. 4(m).

On February 19, 2009, the last day before the summons expired, Plaintiff attempted to effect service of process upon Catholic Charities of Jackson by having a process server deliver the summons and a copy of the complaint to the Catholic Charities office in Jackson.  According to the return of service, the documents were received and signed for by Adrienne Rowland "on behalf of Catholic Charities."  (Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. 1.)  After the summons and complaint were delivered, it appears that Ms. Rowland or another person in the office notified Catholic Charities of Jackson of the pending action.  On February 26, 2009, defense counsel advised Plaintiff by email that it would be representing Catholic Charities of Jackson, and requested a three-week

---

[1] Plaintiff Mary Ann Rojek is blind.  She is a licensed clinical social worker, who holds a Master's degree in Social Work and has worked successfully in the field since 1976.  In December 2005 and again in the spring of 2006, Plaintiff applied and interviewed for various positions at Catholic Charities of Jackson.  In both instances, Plaintiff alleges that employees at the agency expressed concern over Plaintiff's ability to complete the obligations of the job, and declined to engage in discussions about reasonable accommodations.  The jobs were ultimately offered to other non-disabled candidates.  Based on these events, Plaintiff filed an Equal Employment Opportunity Commission charge of employment discrimination in the summer of 2006.  The EEOC investigated and found reasonable cause that employment discrimination had occurred.  On July 22, 2008, the Commission issued a right to sue letter.  The notice of suit rights stated that Plaintiff had 90 days to file a lawsuit, beginning from the time she received the letter.  Plaintiff claims to have received the letter on July 25, 2008, at the earliest.  The action was thus filed on the last possible day within the 90-day period.

extension to file an answer to the complaint. Plaintiff agreed to the extension.

On April 1, 2009, defense counsel filed a special appearance to contest service of process on behalf of Catholic Charities of Jackson. Defense counsel argued there was "no indication that Adrienne Rowland was an authorized agent to receive service of process on behalf of 'Catholic Charities Inc.' or Catholic Charities of Jackson, a domestic nonprofit corporation." (Def.'s Mot. to Dismiss Ex. C, Special Appearance) (internal references to exhibits omitted). Rather, the resident agent of Catholic Charities of Jackson is Vince Gale, and Mr. Gale "had not been served in any fashion with any complaint identifying Catholic Charities of Jackson, a domestic nonprofit corporation, as a defendant in any action, whether filed by Mary Ann Rojek or otherwise." (Id.) Also on April 1, 2009, Defendant filed an answer to the complaint, asserting various defenses including insufficiency of process.

At a scheduling conference before this Court on May 11, 2009, the parties discussed the issue of insufficiency of process. Plaintiff claims that defense counsel agreed to permit Plaintiff to amend the complaint, to correct Defendant's name from "Catholic Charities, Inc." to "Catholic Charities of Jackson, a Domestic Nonprofit." In so doing, Plaintiff argues that Defendant agreed not to pursue the ineffective service defense, because once Defendant's name was corrected all issues regarding sufficiency of service would be resolved. (See Shereef Akeel Aff. ¶ 4-6.) Defendant argues that, even if it conceded that Plaintiff could amend the complaint in accordance with Fed. R. Civ. P. 15(c), and stated that it would accept service of the amended Complaint through the

Court's electronic filing system, it did not waive the defense that the initial service of the lawsuit was improper. Plaintiff proceeded to file an amended complaint on May 28, 2009. On May 29, 2009, a summons was issued for Catholic Charities of Jackson, the corrected named Defendant. Defendant filed an answer to the amended complaint on June 30, 2009, again asserting insufficiency of process.

On August 17, 2009, Defendant filed this motion. Defendant asks the Court to dismiss Plaintiff's amended complaint against Catholic Charities of Jackson pursuant to Rule 12(b)(1) and (5) of the Federal Rules of Civil Procedure for insufficiency of process. In support of this motion, Defendant has filed Michigan Department of Labor & Economic Growth non-profit corporation records for Catholic Charities of Jackson, which indicate that Vince Gale is a director of and the authorized agent for the agency. The name Adrienne Rowland does not appear in the corporate documents. Plaintiff counters that Defendant was properly served in light of the fact that defense counsel acknowledged receipt of the complaint within several days of February 19, 2009. In the alternative, Plaintiff argues that Defendant waived the insufficiency of service defense by its conduct at the scheduling conference.

### III.  DISCUSSION

**A.     The Standards Governing Defendants' Motion**

The service of a summons and complaint in a federal suit is governed by Fed. R. Civ. P. 4.  As noted earlier, this Rule establishes a presumptive 120-day limit upon service, but the Court is authorized to extend this limit:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Through the present motion, Defendant argues that Plaintiff failed to effect proper service upon the agency within the presumptive 120-day limit, and that the record fails to provide any justification for extending this limit.  Accordingly, pursuant to Fed. R. Civ. P. 12(b)(5), the agency seeks the dismissal of this action without prejudice for insufficiency of service of process.

Generally, a court may not exercise power over an individual named as a defendant absent service of process.  Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 350, 199 S. Ct. 1322 (1999).  Rule 12(b)(5) permits a party to raise the defense of insufficiency of service of process in a motion to dismiss; the plaintiff bears the burden of proving that proper service was effected.  Frederick v. Hydro-Aluminum S.A., 153 F.R.D. 120, 123 (E.D. Mich. 1994).  Courts have broad discretion to dismiss an action that involves improper service.  Sherer v. Construcciones Aeronauticas, S.A., 987 F.2d 1246,

1247 (6th Cir. 1993). Nevertheless, dismissal is not invariably required where service is ineffective—under such circumstances a court has discretion to either dismiss the action or quash service but retain the case for proper service later. Frederick, 153 F.R.D. at 123 (*citing* Stern v. Beer, 200 F.2d 794, 795 (6th Cir. 1952); Maichok v. Bertha-Consumers Co., 25 F.2d 257 (6th Cir. 1928)). Because the Court is resolving this matter on the written record, it "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in the light most favorable to the nonmoving party." Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 887 (6th Cir. 2002) (citations omitted).

## B.     Plaintiff Failed to Properly Serve the Defendant Agency.

In this case, it is undisputed that Plaintiff made only one attempt to serve Defendant with the summons and a copy of the complaint on the very last of the 120-day period for service. Plaintiff or Plaintiff's process server did not seek to confirm that the person who accepted service on behalf of Catholic Charities of Jackson, Adrienne Rowland, was in fact an agent for the agency under the relevant rules. In support of the present motion, Defendant argues that this single attempt at service failed to comport with the federal court requirements for service of a summons and complaint. The Court agrees.

Fed. R. Civ. P. 4(h)(1) provides that a corporation, absent a waiver, shall be served in a judicial district of the United States, in one of two ways. First, a corporation may be served by delivering the summons and a copy of the complaint "to an officer, a managing

or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of the corporation. Fed. R. Civ. P. 4(h)(1)(B). In the Sixth Circuit, "a managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control." Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 624 (6th Cir. 2004).

Alternatively, a corporation may be served "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1); see also Fed. R. Civ. P. 4(h)(1)(A) (incorporating subsection (e)(1) by reference in defining the available methods of serving corporations, partnerships, or other unincorporated associations). The pertinent Michigan court rule provides:

> Service of process on a domestic or foreign corporation may be made by
>
> (1) serving a summons and a copy of the complaint on an officer or the resident agent; [or]
>
> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation . . . .

8

Mich. Court Rule 2.105(D).[2] As discussed below, neither method of service was achieved here.

The only evidence in the record that indicates the form and method of service in this case is the Certificate of Service filed on February 23, 2009. (Pl.'s Resp. to Def.'s Mot. to Dismiss Ex. 1.) The Certificate states that the summons and a copy of the complaint were delivered by personal service to the Jackson, Michigan address of Catholic Charities of Jackson. The name of the party served is indicated as "Catholic Charities, Incorporated." (Id.) The certificate is signed by the process server and by Adrienne Rowland, "[on] behalf of Catholic Charities." (Id.) Plaintiff has provided no other evidence that Adrienne Rowland was an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process for Catholic Charities of Jackson. Nor has Plaintiff provided evidence to refute the corporate records which indicate that Vince Gale was the registered agent for Catholic Charities of Jackson, and which make no mention of Ms. Rowland as either a trustee or officer of the social services agency. In fact, neither party even addresses Ms. Rowland's job or position, much less whether she was authorized to transact any kind of business for Catholic Charities. See Bridgeport Music, Inc., 376 F.3d at 624 (holding that plaintiff copyright holder failed to show that licensor was "managing agent" for alleged infringer,

---

[2] This rule includes additional provisions for service upon corporations that have either ceased to do business, failed to appoint and maintain a resident agent, or failed to properly maintain their corporate organization or existence. See Mich. Court Rule 2.105(D)(3), (4). None of these provisions applies here.

9

for purpose of accepting service of process, where there was no evidence in the record concerning the amount of discretion licensor could exercise with respect to the licensing of works owned by alleged infringer); O.J. Distributing, Inc. v. Hornell Brewing Co., 340 F.3d 345, 354 (6th Cir. 2003) (holding that plaintiff failed to demonstrate that an unknown receptionist who signed for an overnight mail package qualified as an "authorized agent" under Rule 4(h)). Thus, Plaintiff has failed to meet her burden of proving that proper service was effected under the relevant federal rules.

Neither can it be said that Plaintiff's process server effected service upon the Defendant agency in accordance with Michigan law. Just as there is no evidence that Ms. Rowland was an officer or registered agent of the Defendant agency, neither has Plaintiff shown (or even claimed) that Ms. Rowland was a director or trustee of the firm, or that she was "in charge" of the Jackson facility as required by Michigan law. See, e.g., Continental Ins. Co. v. B & B Educator Sales, Inc., 34 Mich. App. 499, 192 N.W.2d 126 (1971) (finding service of summons and complaint on employee of defendant corporation who was neither officer nor authorized service-receiving agent was defective). Moreover, assuming *arguendo* that Ms. Rowland qualified as a person in charge of the office or business establishment of the corporation, there is no evidence that Plaintiff took the additional step of "send[ing] a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation," as required by Michigan Court Rule § 2.105(D)(2). Accordingly, Plaintiff has failed to demonstrate that the process server effected service upon the Defendant agency in accordance with either of the two

alternative methods authorized under Rule 4(h).

Lastly, to the extent that Plaintiff argues that service was properly effected because the summons and complaint ultimately made their way into the hands of Catholic Charities' counsel, such theories of service of process have been routinely rejected by federal courts. Even if the Court assumes that Defendant had actual notice of this suit within the 120-day limit, such notice does not satisfy the dictates of federal law. See LSJ. Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999) ("This court has indicated . . . that it will not allow actual knowledge of a lawsuit to substitute for proper service under Fed. R. Civ. P. 4."); Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (reversing a district court's determination "that actual knowledge of the action cured a technically defective service of process"); Lafarge Corp. v. Altech Environmental USA, 220 F. Supp.2d 823, 831-32 (E.D. Mich. 2002) (finding that actual notice does not suffice under federal law, notwithstanding a Michigan Court Rule provision that precludes dismissal so long as the defendant was timely informed of the suit). For all of these reasons, the Court finds that Plaintiff failed to properly serve Defendant with the summons and complaint.

**2.      Defendant's actions at the scheduling conference did not constitute waiver.**

Defendant did not waive service of process by attending the scheduling conference on May 11, 2009 and engaging in discussions about the insufficient service defense. Fed. R. Civ. P. 12(h) provides that a defendant waives the defense of insufficient service of process by failing to either raise it in a pre-answer motion to dismiss under Rule 12, or, if

no such motion is made, failing to include it in its answer. Fed. R. Civ. P. 12(h). In this case, Defendant preserved its improper service defense by filing both a special appearance indicating its intent to challenge service of process, and by including the defense in its answer to the complaint. The defense was also raised in the answer to the amended complaint. Finally, Defendant had made no prior motions under Fed. R. Civ. P. 12 when it filed the present motion.

These technical requirements aside, Plaintiff argues that statements that defense counsel made during the scheduling conference constitute waiver of the defense of insufficient service of process. Plaintiff cites no case law in support of this theory. As a general matter, a defendant does not waive the defense of defective service by proceeding with discovery and attending scheduling conferences. Indeed, courts have held that "it is prudent to proceed with one's cause while awaiting determination of motions to dismiss." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996). In this case, taking Plaintiff's account of the May 11, 2009 scheduling conference as accurate, the Court finds only that Plaintiff misunderstood the nature of the agreement reached by the parties. The parties discussed permitting Plaintiff to file an amended complaint, clarifying the named Defendant as "Catholic Charities of Jackson" rather than "Catholic Charities, Inc." The fact that Defendant conceded Plaintiff's right to amend under Rule 15(c) did not resolve the issue of insufficient service of process, where no registered or authorized agent of Catholic Services of Jackson has been served to date. That defense counsel agreed to accept service of the amended complaint through the Court's electronic filing

system does not remedy this flaw in the original service of process, even if it created in Plaintiff the impression that the improper service of process defense would eventually be resolved. Thus, the Court concludes that Defendant did not waive the improper service defense.

**3.      Although Plaintiff has not shown good cause for failure to timely serve Defendant, a permissive extension of time is warranted.**

While the Court has determined that Defendant was not properly served with the summons and complaint within the 120-day period set forth in Rule 4(m), the question remains whether Defendant is entitled to dismissal of the claims against it. Under the plain language of the Rule itself, a dismissal is not mandatory—rather, under the appropriate circumstances, the Court instead can re-open the window of opportunity for service and "direct that service be effected within a specified time." Fed. R. Civ. P. 4(m); see also United States v. Ninety Three Firearms, 330 F.3d 414, 426 (6th Cir. 2003) (holding that district court was not required to dismiss forfeiture action based upon government's failure to serve claimant within 120 days after filing forfeiture complaint, but could extend time for service for appropriate period, where court required government to show cause for delay and government complied). Under the circumstances presented here, the Court finds that a permissive extension is warranted.

As a threshold matter, Rule 4(m) dictates that the Court "shall extend the time for service," with no discretion to proceed otherwise, if Plaintiff can show "good cause" for her failure to properly serve Defendant within the initial 120-day period. As a court in

this district explained:

> It is the plaintiff's burden to show that good cause exists. See Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991). Good cause may exist if the defendant intentionally evades service, however, the plaintiff's failure to obtain proper service of process, even if inadvertent, is not enough to establish good cause. See id. Actual notice and lack of prejudice to the defendant are likewise insufficient to establish good cause. See Moncrief v. Stone, 961 F.2d 595, 596-97 (6th Cir. 1992). The district court's good cause determination is reviewed under an abuse of discretion standard. See Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996).

Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322, 324 (E.D. Mich. 2001). In this case, Plaintiff only argues that inadvertence and misunderstanding led to the failure to properly effect service of process on Defendant within the required 120 day time period. This is insufficient to establish good cause.

Nonetheless, Plaintiff may still survive Defendant's motion to dismiss. Even in the absence of good cause, it remains within the Court's discretion to grant an extension. See Fed. R. Civ. P. 4(m); see also Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340-41 (7th Cir. 1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1131-32 (11th Cir. 1995); Slenzka, 204 F.R.D. at 325-26. In determining whether to exercise this discretion, the Court considers such factors as: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would her lawsuit be time-barred; and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process. See Slenzka, 204

14

F.R.D. at 326; Coleman v. Milwaukee Board of School Directors, 290 F.3d 932, 934 (7th Cir. 2002).

Of these factors, the first four weigh in Plaintiff's favor. First, since Defendant's authorized agent has been clearly identified as Vince Gale, a significant extension of time is not required to effect proper service of process. There is no reason to doubt Plaintiff's ability to promptly serve process upon the correct agent. Second, the Defendant agency has not identified any prejudice it would suffer if an extension were granted, other than the inherent "prejudice" in having to defend the suit. Third, while there is no evidence that the Defendant agency had actual notice of this action within the 120-day period for service, Defendant clearly learned about the case shortly thereafter, as indicated by the February 26, 2009 email to Plaintiff. Finally, and perhaps most important, if this Court were to dismiss the action without prejudice under Rule 4(m), Plaintiff's employment discrimination claims would be barred by the statute of limitations if re-filed.[3] Therefore, absent a showing that the delay impaired Defendant's ability to defend the case on the merits, dismissal for improper service would be inappropriate. See Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

The fifth factor—whether Plaintiff has made any good faith efforts at effecting proper service of process—weighs against granting an extension. Plaintiff waited until

---

[3] Plaintiff filed this action on the last possible day permitted by the EEOC notice of suit rights letter: she filed this lawsuit on October 22, 2008, the last day of the 90-day period to sue.

15

the last day before the summons expired to attempt service of process. She or her counsel unilaterally relied on the process server's single attempt, without monitoring whether it was in fact effectively completed. Plaintiff's only excuse is that the February 26, 2009 email from defense counsel led her to believe that service was properly effected. In spite of the foregoing, Defendant has brought forth no evidence that Plaintiff's failure to properly serve the agency was *in bad faith*. On the contrary, Plaintiff is willing to promptly comply, as evidenced by her filing of an amended complaint with Defendant's corrected name, following the scheduling conference.

Having weighed the equities, the Court finds that a moderate extension of time for service of the summons and amended complaint on Defendant pursuant to Rule 4(m) is appropriate.

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Catholic Charities of Jackson's Motion for Dismissal [Dkt. # 14] is DENIED.

The Court GRANTS Plaintiff leave to properly serve Defendant Catholic Charities of Jackson with process no later than Monday, November 30, 2009. If Plaintiff does not properly serve Defendant with process by November 30, 2009, the Court will dismiss

Plaintiff's claims against Defendant without prejudice.

s/Gerald E. Rosen
Gerald E. Rosen
Chief Judge, United States District Court

Date: November 16, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 16, 2009, by electronic and/or ordinary mail.

s/Ruth A. Brissaud
Case Manager
(313) 234-5137